**E-Filed 11/3/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ESMERALDA DIAZ,<br><br>               Plaintiff,<br><br>    v.<br><br>WORLD SAVINGS & LOAN; NDEX WEST, L.L.C,<br><br>               Defendants. | Case Number 5:10-4909 JF (PVT)<br><br>ORDER[1] DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR MOTION FOR PRELIMINARY INJUNCTION<br><br>Re: Docket No. 3 |

     Plaintiff Esmeralda Diaz, proceeding *pro se*, allege that Defendants failed to disclose important information about her mortgage in the clear and conspicuous manner required by law. Plaintiff seeks a temporary restraining order ("TRO") enjoining Defendants from foreclosing upon and selling her property located at 2460 Shilshone Circle, San Jose, California, 95121. Plaintiff filed the instant request for a temporary restraining order and motion for a preliminary injunction on Friday, October 29, 2010, seeking to prevent a foreclosure on Tuesday, November

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-4909 JF (PVT)
ORDER DENYING *EX PARTE* APPLICATION  FOR TEMPORARY RESTRAINING ORDER
(JFLC3)

2, 2010.[2] Because Plaintiff has not explained why the request for a restraining order was made at the last minute and without notice to Defendants, the request will be denied. A hearing will be set on Plaintiff's motion for a preliminary injunction.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 129 S. Ct. at 374)). The Ninth Circuit recently reaffirmed that within this framework a preliminary injunction also is appropriate when a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing district courts to preserve the status quo where difficult legal questions require more deliberate investigation. *Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960 (2010).

A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause

---

[2] Plaintiff's complaint and *ex parte* motions were filed with the clerk of court at 11:17 a.m. on Friday, October 29, 2010. The moving papers did not reach chambers until the afternoon of November 2, 2010. However, the analysis would be the same even if the papers had been considered immediately after filing.

1  shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R.
2  65-1(b).

3        Plaintiff has not shown that Defendants have received actual notice of the instant
4  application. She indicates that she "engaged a process server" who is attempting to serve notice,
5  and that she has mailed a copy to the last known address of Defendants. More significantly,
6  Plaintiff has not explained why her complaint was filed on Friday, October 29, 2010, to prevent a
7  foreclosure sale scheduled for Tuesday, November 2, 2010. Plaintiff does not allege that the
8  foreclosure sale would be conducted in the absence of proper notice, and in the absence of such
9  allegations it is reasonable to conclude that she received notice of the sale long ago. She offers
10 no explanation as to why she could not have sought relief in a timely fashion as opposed to filing
11 an emergency application that effectively prevents Defendants from responding and the Court
12 from considering the matter in an orderly way. The "emergency" appears to be of Plaintiff's
13 own making.

**ORDER**

IT IS HEREBY ORDERED that:

1. Plaintiff's application for a TRO is DENIED;
2. On or before November 12, 2010, Plaintiff shall serve Defendants with a copy of the Motion for Emergency Hearing and Preliminary Injunction and a copy of this Order; and
3. Plaintiff's motion for preliminary injunction is set for hearing on December 3, 2010, at 9 a..m. Defendants may file a brief in opposition to the motion for preliminary injunction on or before November 19, 2010. Plaintiff may file a reply on or before November 29, 2010.

DATED: November 3, 2010

JEREMY FOGEL
United States District Judge

1  A copy of this order has been sent to:

2  Esmeralda Diaz
   2460 Shilshone Circle
3  San Jose, CA 95121

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 5:10-4909 JF (PVT)
ORDER DENYING *EX PARTE* APPLICATION  FOR TEMPORARY RESTRAINING ORDER
(JFLC3)